UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**MICHAEL WALTON HINTON,**  Civil No. 05-2676 (DSD / SRN)

        Petitioner,

    v.  **REPORT & RECOMMENDATION**

**STATE OF MINNESOTA,**

        Respondent.

---

    Michael Walton Hinton, Petitioner, pro se.

    Brian D. Roverud, Faribault County Attorney, P.O. Box. 5, Blue Earth, MN, 56013, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on the amended petition of Petitioner Michael Walton Hinton for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently on intensive supervised release following incarceration in a Minnesota state facility pursuant to a felony conviction for violating an Order For Protection.

    The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied and that this action be dismissed with prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

    Petitioner is currently on intensive supervised release following completion of a 15-month prison sentence imposed for violating a state court Order For Protection ("OFP") by sending a letter to his former wife.[1] Petitioner appealed his conviction to the Minnesota Court of

---

[1] Although the Petitioner is not presently "in custody," the present Petition is not moot because of the "collateral consequences" of the conviction that he challenges. Spencer v.

Appeals, claiming that the evidence was insufficient to prove (1) that he violated the OFP by contacting his wife, and (2) the existence of Petitioner's prior convictions, which supported felony enhancement of the offense.  The Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied his petition for further review.  State v. Hinton, 702 N.W.2d 278 (Minn. App. 2005), pet. for rev. denied, October 26, 2005.

On November 21, 2005, Petitioner filed his original Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, listing as grounds for relief (1) that the evidence was insufficient to support his conviction, (2) that the jury selected to decide his case was "unfair," (3) that he was denied effective assistance of counsel, and (4) that the trial judge "had a conflict of interest." (Doc. No. 1.)  Because the last three of those four claims had not been fairly presented to the Minnesota state courts, this Court recommended that his petition be dismissed for failure to exhaust state court remedies unless, in the interim, Petitioner filed an amended petition deleting the unexhausted claims.  (Doc. No. 3, Order of December 1, 2005.)

Petitioner filed an amended petition on December 13, 2005, deleting the last three of the four claims he had originally raised in his petition.  (Doc. No. 4.)  He thus retained the claim that this Court had not deemed unexhausted–that the evidence was insufficient to support his conviction.  In his amended petition, he specified two aspects of this claim of insufficiency of the evidence–(1) that there was no evidence that he violated the OFP insofar as he sent the letter at issue only to his daughter, not to his former wife, and (2) that there was no evidence to support felony enhancement because it was "error to admit a stipulation of his prior convictions into evidence," thereby violating his right to a jury trial on each element of the offense.  The district court, by Order dated January 26, 2006, thus adopted this Court's recommendation in part and

---

Kemna, 523 U.S. 1, 7-8 (1998).

remanded the matter to this Court. (Doc. No. 5.)

On April 25, 2006, this Court ordered Respondent to file an answer to the amended petition and permitted Petitioner to file a reply to the answer. (Doc. No. 6.) The State filed a response on May 25, 2006. No answer was filed by Petitioner.

## II.   DISCUSSION

Although this Court ordered Respondent to file an Answer that "fully compl[ied]" with Habeas Rule 5, Respondent's "Response" did not "address the allegations in the petition" as required by Habeas Rule 5(b), and was more in the nature of a motion to dismiss. Respondent contends that Petitioner's amended application for habeas relief should be "summarily dismissed" because Petitioner "has not raised a federal issue" in his state court proceedings as required by Section 2254–that he did not "fairly present" his claims in state court as federal issues. (Resp. at 4 (citing Baldwin v. Reece, 541 U.S. 27, 32 (2004).)

The amended petition currently raises two insufficiency-of-the-evidence issues: (1) that there was no evidence that he violated the OFP, and (2) that there was no evidence to support felony enhancement because he had not consented to a stipulation as to his prior convictions, thereby depriving him of his right to a jury trial on every element of the offense.[2] But contrary to Respondent's present contention that Petitioner did not fairly present any federal issue "either at the District Court or Court of Appeals level" (Resp. at 4), Petitioner's opening brief to the Minnesota Court of Appeals began by noting "the due process clause of the Fourteenth Amendment to the United States Constitution" requires proof beyond a reasonable doubt on each

---

[2] Although violation of an OFP is usually a misdemeanor offense, violation can result in a felony if it occurs within a certain time period between the current offense and specified other domestic violence offenses. Here, Petitioner had two prior convictions within the applicable period for assaulting his former wife. (Doc. No. 9, at D-2.)

element.  (Doc. No. 9, at A-11.)  Moreover, in support of this argument he cited In re Winship, 397 U.S. 358 (1970), one of the leading cases regarding the constitutional requirement that the state prove beyond a reasonable doubt every element of the crime charged.  (Id.)

This would seem to have plainly presented a federal issue to the Minnesota Court of Appeals.  Dye v. Hofbauer, 546 U.S. 1, __, 126 S. Ct. 5, 7 (2005) (holding that brief that identifies "due process" issue and discusses Fifth Amendment and Fourteenth Amendment violations in light of federal cases concerning "federal due process rights" plainly "sets out the federal claim").  In addition, this introductory identification of a federal constitutional issue most likely applies to both issues he now raises, including the felony enhancement issue, as each presents an issue of the state's burden of proving beyond a reasonable doubt an element of the charged offense.  Petitioner argued to the Minnesota Court of Appeals that because the district court failed to give the necessary enhancement instruction and the state did not offer any evidence to enhance what would otherwise be a misdemeanor violation, the state failed to prove "beyond a reasonable doubt that [petitioner] committed a felony-level OFP violation."  (Doc. No. 9, at A-17.)

In any event, in his Reply Brief to the Minnesota Court of Appeals, which was devoted exclusively to this second issue, he again noted he was "constitutionally guaranteed the right to a jury trial on each and every element of the charged offense." (Doc. No. 9, at C-3.)  Although he directly cited only a Minnesota state case for that point, State v. Wright, 679 N.W.2d 186 (Minn. Ct. App. 2004), that case makes clear that the "United States and Minnesota constitutions guarantee the right to a jury trial in a criminal case" and that this right "includes the right to be tried on each and every element of the charged offense."  Id. at 191.  Furthermore, the Minnesota Court of Appeals clearly understood it to present a federal issue.  In resolving that issue, the state

appellate court expressly cited the Sixth Amendment and the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004).  (Doc. No. 9, at D-4, -6.)

This does not end the analysis, however, because to obtain federal habeas review of a state court conviction, a petitioner must have "fairly presented" his federal question arguments to the state's highest court by seeking discretionary review in that court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[3]  In his Petition for Further Review by the Minnesota Supreme Court, Petitioner dropped his claim that there was no evidence that he violated the OFP, and pressed only his claim that there was insufficient evidence to enhance the offense to a felony because he had not consented to the stipulation regarding his prior convictions.  (Doc. No. 11.)

It is less clear that Petitioner "fairly presented" this sole claim of error to the Minnesota Supreme Court as a federal issue.  In his Petition for Further Review, he began by citing the U.S. Constitution for the basic point that a "criminal defendant has a constitutional right to a jury trial. U.S. Const. Art. III."  (Id. at 5.)  But it appears that the precise issue on which he sought review was confined to whether the Court of Appeals' harmless-error analysis of the enhancement issue was correct.  Petitioner argued that the Minnesota Court of Appeals had not applied any harmless error analysis in "cases involving the general waiver of a jury trial."  (Id. at 6.)  He thus sought a ruling from the Minnesota Supreme Court that it was improper to do so in his case where the waiver concerned only "an element of the charged offense."  (Id.)  Thus, the only issue he presented to the Minnesota Supreme Court is arguably confined to the following claim of error: "Petitioner asks this court to grant review to answer the question of whether a harmless-error

---

[3] Although the Minnesota Supreme Court denied Petitioner's Petition for Further Review of the Minnesota Court of Appeals' affirmance of his conviction and sentence, there is no requirement that a petitioner first obtain discretionary review from the state's highest court, only that he seek such review.  O'Sullivan, 526 U.S. at 845.

analysis is appropriate for cases involving a defendant's lack of personal waiver of his right to a jury trial on an element of the charged offense." (Id.)

But this Court need not resolve these difficult questions of exhaustion and whether his claims were "fairly presented" as federal issues to the highest state court, because it is clear that Petitioner cannot prevail on the merits. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolveable against a petitioner while the procedural bar issues are complicated."). Accord 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

In addition, it is clear that Petitioner dropped his first claim of error–that there was no evidence that he violated the OFP–in his petition for review by the Minnesota Supreme Court. Thus, even assuming that Petitioner "fairly presented" his prior-conviction enhancement claim to the Minnesota Supreme Court, that would be the only claim fully exhausted, and thus properly presented to this Court for habeas review. In other words, Petitioner can obtain federal habeas review of, at most, his claim that the state court erred by applying a harmless error analysis to the issue of whether it was error to allow into evidence the stipulation as to his prior convictions.

On collateral review of the merits, this Court is now confined (since the 1996 enactment of the Antiterrorism and Effective Death Penalty Act) in granting federal habeas relief only in cases where the state court adjudication on the merits either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Accord Williams v. Taylor, 529 U.S. 362 (2000).

Here, there is no question of an "unreasonable determination of the facts" under Section 2254(d)(2).  With respect to Section 2254(d)(1), this Court concludes that the state court's decision was not contrary to clearly established Supreme Court precedent.  Nor did it involve an unreasonable application of such federal law.

Petitioner claims the state courts erred by permitting the introduction into evidence of his stipulation as to his prior convictions–more precisely, that the state courts erred by ruling that any error in permitting the stipulation was "harmless."  The United States Supreme Court has ruled that the federal courts, when engaging in habeas review of state-court convictions, should apply the harmless error standard announced in Kotteakos v. United States, 328 U.S. 750, 776 (1946), rather than the more demanding "harmless beyond a reasonable doubt" standard that governs direct review of claims that state courts violated federal constitutional protections.  Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).[4]

Under this standard, the question is "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'"  Id. at 637 (quoting Kotteakos, 328 U.S. at 776).  Here, Petitioner is not entitled to habeas relief because any error regarding the stipulation as to his prior convictions could not have had the required "substantial and injurious effect or influence in determining the jury's verdict."  In fact, it would appear that it could not have had

---

[4] The Kotteakos standard applies in habeas review of only "constitutional error of the trial type," not in review of errors constituting a "structural defect" in the trial.  Brecht, 507 U.S. at 629-30.  "Trial error 'occur[s] during the presentation of the case to the jury' and is amenable to harmless-error analysis because it 'may . . . . be quantitatively assessed in the context of the other evidence presented in order to determine [the effect it had on the trial].'"  Id. at 629.  "At the other end of the spectrum of constitutional errors lie 'structural defects in the constitution of the trial mechanism,'" such as "deprivation of the right to counsel."  Id.  Here, Petitioner's claim of error is plainly "of the trial type."

7

any effect. As the Minnesota Court of Appeals stated in affirming Petitioner's conviction and sentence, "there is no challenge as to the existence of the prior convictions. As presented to us, the record of the convictions is accurate." (Doc. No. 9, at D-5.)[5] In short, had he not so stipulated, the jury nevertheless would surely have been presented sufficient evidence to support the felony enhancement.

As a final note, this Court points out that the admission of the stipulation can hardly rise to the level of a violation of clearly established federal law where such stipulations are usually in the defendant's interest. As the Minnesota Court of Appeals stated here, "it is typically to the defendant's advantage to avoid presenting the question of prior convictions to the jury." (Doc. No. 9, at D-5 n.1.)

## III.   CONCLUSION

Because of the complexity of the issues regarding whether Petitioner exhausted and fairly presented his federal claims to the Minnesota courts, this Court exercises its authority to proceed to the merits of the amended petition. On review of the merits, this Court finds that the Minnesota Court of Appeals committed no discernible error in affirming his conviction based on a harmless error standard.

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY

---

[5] The <u>Brecht</u> standard of harmless error review applies only in federal habeas proceedings whereas the more demanding standard of <u>Chapman</u>–"harmless beyond a reasonable doubt"–applies on direct review. <u>Brecht</u>, 507 U.S. at 633-38 ("The principle that collateral review is different from direct review resounds throughout our habeas jurisprudence."). Although the Minnesota Court of Appeals did not recite the precise language of the <u>Chapman</u> standard, its ruling on direct review satisfies that standard because the court concluded that "even if the stipulation to the prior convictions is error, it is <u>clearly harmless</u>." (Doc. No. 9, at D-5 (emphasis added).)

RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket No. 4) be DENIED; and

2.      This action be DISMISSED WITH PREJUDICE.


Dated: April 12, 2007

                                s/ Susan Richard Nelson

                                SUSAN RICHARD NELSON
                                United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by April 27, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.